**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| **JACK PERMISON**, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR VIOLATION OF** |
| | ) **FEDERAL TELEPHONE CONSUMER** |
| vs. | ) **PROTECTION ACT** |
| | ) |
| **COMCAST HOLDINGS CORPORATION,** | ) |
| **OUTREACH COMMUNICATIONS, LLC,** | ) |
| **AND CONVERGENT OUTSOURCING,** | ) |
| **INC. f/k/a ER SOLUTIONS, INC.,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

**NATURE OF ACTION**

1.  This is an action brought under the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

**JURISDICTION**

2.  This Court has jurisdiction under 47 U.S.C. § 227(b)(3).

3.  Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this district,

COMPLAINT FOR VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT   -1                    WEISBERG & MEYERS, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

where Plaintiff resides in this State and this district, and where Defendants transact business in this State and this district.

**PARTIES**

4. Plaintiff, Jack Permison ("Plaintiff"), is a natural person who at all relevant times resided in the State of Washington, County of Pierce, and City of Gig Harbor.

5. Defendants, Comcast Holdings Corporation ("Comcast"), Outreach Communications, LLC ("Outreach"), and Convergent Outsourcing, Inc., f/k/a ER Solutions, Inc. ("Convergent") (collectively "Defendants"), are entities who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect an alleged debt from Plaintiff.

**FACTUAL ALLEGATIONS**

6. Within one (1) year preceding the date of this Complaint, Defendants made and/or placed a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due.

7. Within one (1) year preceding the date of this Complaint, Defendants willfully and knowingly utilized automatic telephone dialing systems to make and/or place a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due.

8. Comcast provided Plaintiff with cable television and internet services.

9. Plaintiff did not provide Comcast with his cellular telephone number when obtaining such services from Comcast.

COMPLAINT FOR VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT   -2

WEISBERG & MEYERS, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

10. Further, at no time did Plaintiff provide Comcast with express consent to contact his cellular telephone using an automatic dialing system and/or an artificial or pre-recorded voice.

11. When Plaintiff terminated his account with Comcast, Comcast advised that it would send Plaintiff his final bill via U.S. Mail.

12. Comcast failed to send Plaintiff his final bill via U.S. Mail.

13. Comcast employs Outreach as its inbound and outbound call center.

14. Subsequently, Outreach, itself and on behalf of Comcast, placed non-emergency telephone calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic dialing system and/or an artificial or pre-recorded voice, which including, but not limited to, calls placed on the following dates and times:

- March 6, 2012 at 8:42 A.M.;
- March 6, 2012 at 3:26 P.M.;
- March 7, 2012 at 8:17 A.M.;
- March 7, 2012 at 2:00 P.M.;
- March 7, 2012 at 5:30 P.M.;
- March 8, 2012 at 8:13 A.M.;
- March 8, 2012 at 1:55 P.M.;
- March 8, 2012 at 5:00 P.M.;
- March 9, 2012 at 8:21 A.M.;
- March 10, 2012 at 8:16 A.M.;
- March 10, 2012 at 2:12 P.M.;
- March 10, 2012 at 5:17 P.M.;
- March 11, 2012 at 8:49 A.M.;
- March 12, 2012 at 8:21 A.M.;
- March 12, 2012 at 2:10 P.M.;
- March 12, 2012 at 3:53 P.M.;
- March 13, 2012 at 8:13 A.M.;
- March 13, 2012 at 2:05 P.M.;

COMPLAINT FOR VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT   -3          WEISBERG & MEYERS, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

- March 13, 2012 at 4:05 P.M.;
- March 14, 2012 at 8:17 A.M.;
- March 14, 2012 at 1:12 P.M.;
- March 14, 2012 at 2:28 P.M.;
- March 15, 2012 at 8:13 A.M.;
- March 16, 2012 at 10:25 A.M.;
- March 16, 2012 at 11:37 A.M.;
- March 16, 2012 at 3:42 P.M.;
- March 16, 2012 at 3:42 P.M. (second call at same time);
- March 17, 2012 at 8:04 A.M.;
- March 17, 2012 at 2:24 P.M.;
- March 18, 2012 at 8:19 A.M.;
- March 19, 2012 at 8:05 A.M.;
- March 19, 2012 at 4:26 P.M.; and
- March 20, 2012 at 8:15 A.M.

15. At some point prior to March 6, 2012, Comcast placed the same account with Convergent, formally known as ER Solutions, Inc., in an attempt to collect the alleged debt from Plaintiff.

16. Convergent, itself and on behalf of Comcast, began placing non-emergency telephone calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic dialing system and/or an artificial or pre-recorded voice, including, but not limited to, calls placed on the following dates and times:

- March 6, 2012 at 10:18 A.M.;
- March 6, 2012 at 12:33 P.M.;
- March 6, 2012 at 4:53 P.M.;
- March 13, 2012 at 2:54 P.M.;
- March 15, 2012 at 10:44 A.M.;
- March 15, 2012 at 3:25 P.M.;
- March 16, 2012 at 1:44 P.M.;
- March 16, 2012 at 10:42 A.M.;
- March 20, 2012 at 12:22 P.M.;

WEISBERG & MEYERS, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

- March 20, 2012 at 4:26 P.M.;
- March 20, 2012 at 7:27 P.M.;
- March 26, 2012 at 1:47 P.M.;
- March 26, 2012 at 5:15 P.M.;
- March 26, 2012 at 8:16 P.M.;
- March 28, 2012 at 9:41 A.M.;
- March 28, 2012 at 10:45 A.M.;
- March 29, 2012 at 12:01 P.M.; and
- March 30, 2012 at 2:55 P.M.

17. On March 29, 2012, Plaintiff's counsel sent notice of representation to Comcast with a demand that Comcast cease and desist all communication with Plaintiff.

18. Despite Comcast's receipt of the March 29, 2012 correspondence, Outreach, itself and on behalf of Comcast, continued placing calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or an artificial or pre-recorded voice, including, but not limited to, calls placed on the following dates and times:

- April 4, 2012 at 10:19 A.M.;
- April 5, 2012 at 10:46 A.M.;
- April 5, 2012 at 11:49 A.M.;
- April 17, 2012 at 6:11 P.M.;
- April 30, 2012 at 9:00 A.M.;
- April 30, 2012 at 12:36 P.M.;
- May 1, 2012 at 9:01 A.M.;
- May 1, 2012 at 10:43 A.M.;
- May 1, 2012 at 12:02 P.M.;
- May 2, 2012 at 9:04 A.M.;
- May 2, 2012 at 10:51 A.M.;
- May 3, 2012 at 9:07 A.M.;
- May 4, 2012 at 8:56 A.M.;
- May 4, 2012 at 11:23 A.M.;
- May 5, 2012 at 8:59 A.M.;
- May 6, 2012 at 10:03 A.M.;

WEISBERG & MEYERS, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

- May 6, 2012 at 3:01 P.M.;
- May 7, 2012 at 9:04 A.M.;
- May 7, 2012 at 11:16 A.M.;
- May 30, 2012 at 3:34 P.M.;
- May 30, 2012 at 3:45 P.M.;
- May 31, 2012 at 2:35 P.M.;
- June 1, 2012 at 9:04 A.M.;
- June 9, 2012 at 9:25 A.M.;
- June 9, 2012 at 1:22 P.M.;
- June 10, 2012 at 10:22 A.M.;
- June 10, 2012 at 11:29 A.M.;
- June 11, 2012 at 9:07 A.M.;
- June 13, 2012 at 11:37 A.M.;
- June 30, 2012 at 8:59 A.M.;
- July 1, 2012 at 10:48 A.M.;
- July 1, 2012 at 4:28 P.M.;
- July 2, 2012 at 8:57 A.M.;
- July 3, 2012 at 9:01 A.M.;
- July 4, 2012 at 8:55 A.M.;
- July 5, 2012 at 8:54 A.M.;
- July 6, 2012 at 8:58 A.M.;
- July 7, 2012 at 8:56 A.M.;
- July 8, 2012 at 11:25 A.M.;
- July 8, 2012 at 4:35 P.M.;
- July 9, 2012 at 9:10 A.M.;
- July 10, 2012 at 10:11 A.M.;
- July 11, 2012 at 9:03 A.M.;
- July 12, 2012 at 9:03 A.M.;
- July 13, 2012 at 9:06 A.M.;
- July 30, 2012 at 9:02 A.M.;
- July 31, 2012 at 8:57 A.M.;
- August 1, 2012 at 9:22 A.M.;
- August 2, 2012 at 9:02 A.M.;
- August 3, 2012 at 9:00 A.M.; and,
- August 4, 2012 at 9:01 A.M.

19. Despite Comcast's receipt of the March 29, 2012 correspondence, Convergent, itself and on behalf of Comcast, continued placing calls to Plaintiff's cellular telephone using

COMPLAINT FOR VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT   -6   WEISBERG & MEYERS, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

an automatic telephone dialing system and/or an artificial or pre-recorded voice, including, but not limited to, calls on the following dates and times:

- April 3, 2012 at 7:54 A.M.;
- April 5, 2012 at 8:48 A.M.;
- April 17, 2012 at 3:09 P.M.; and
- April 19, 2012 at 1:57 P.M.

20. Additionally, Comcast continued placing calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or an artificial or pre-recorded voice, including, but not limited to, calls on the following dates and times:

- July 2, 2012 at 11:20 A.M.;
- July 3, 2012 at 11:43 A.M.;
- July 4, 2012 at 10:59 A.M.;
- July 5, 2012 at 11:50 A.M.;
- July 6, 2012 at 11:39 A.M.;
- July 7, 2012 at 11:25 A.M.;
- July 9, 2012 at 12:39 P.M.;
- July 9, 2012 at 1:00 P.M.;
- July 11, 2012 at 11:41 A.M.;
- July 12, 2012 at 10:50 A.M.;
- July 13, 2012 at 10:26 A.M.;
- July 30, 2012 at 11:47 A.M.;
- July 31, 2012 at 10:50 A.M.;
- August 1, 2012 at 12:10 P.M.;
- August 2, 2012 at 12:20 P.M.;
- August 3, 2012 at 1:27 P.M.; and,
- August 4, 2012 at 11:43 A.M.

21. Defendants willingly and knowingly placed multiple non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice, including, but not limited to, the aforementioned calls.

COMPLAINT FOR VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT   -7                    WEISBERG & MEYERS, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

22. Upon information and belief, Defendants willfully and knowingly utilized automatic telephone dialing systems to make and/or place multiple additional telephone calls, in addition those enumerated herein, to Plaintiff's cellular telephone number.

### COUNT I
### VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)
### DEFENDANT COMCAST

23. Plaintiff repeats and re-alleges each and every allegation contained above.

24. Comcast violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

25. Comcast violated 47 U.S.C. § 227(b)(1)(A)(iii) by willingly and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

26. Outreach violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

27. Outreach violated 47 U.S.C. § 227(b)(1)(A)(iii) by willingly and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

COMPLAINT FOR VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT   -8   WEISBERG & MEYERS, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

28. Convergent violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

29. Convergent violated 47 U.S.C. § 227(b)(1)(A)(iii) by willingly and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

30. Comcast is liable for actions of Outreach and Convergent, the companies it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Comcast violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

COMPLAINT FOR VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT   -9                    WEISBERG & MEYERS, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

**COUNT II**
**VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)**
**DEFENDANT OUTREACH**

31. Plaintiff repeats and re-alleges each and every allegation contained above.

32. Outreach violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

33. Outreach violated 47 U.S.C. § 227(b)(1)(A)(iii) by willingly and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Outreach violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

COMPLAINT FOR VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT   -10                    WEISBERG & MEYERS, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

# COUNT III
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)
## DEFENDANT CONVERGENT

34. Plaintiff repeats and re-alleges each and every allegation contained above.

35. Convergent violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

36. Convergent violated 47 U.S.C. § 227(b)(1)(A)(iii) by willingly and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Convergent violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

COMPLAINT FOR VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT   -11           WEISBERG & MEYERS, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com

**TRIAL BY JURY**

37.     Plaintiff is entitled to and hereby demands a trial by jury.


Respectfully submitted this 10th day of August, 2012.


        <u>s/Dennis R. Kurz</u>
         Dennis R. Kurz
         WEISBERG & MEYERS, LLC
         Attorney for Plaintiff

COMPLAINT FOR VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT   -12   WEISBERG & MEYERS, LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
888-595-9111 ext 412
866-565-1327 facsimile
dkurz@AttorneysForConsumers.com